FLORENCE R. O'NEILL, APPELLANT, v. GEM BUILDING
AND LOAN ASSOCIATION, RESPONDENT.

Submitted May term, 1931—Decided October 13, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Michael J. Tansey.*

For the respondent, *Colton & Hare.*

PER CURIAM.

The action in this case was against a landlord of premises
in Newark, and in it the plaintiff sought to recover damages
for injuries received through a fall on the stairway, the fall
claimed to be due to the negligence of the defendant in fail-
ing to maintain a light in the hallway. There was a nonsuit
based on the ground that the defendant owed no duty to the
plaintiff. The hallway was part of the premises retained by
the landlord for the general use of the tenants of the office
building, but it was contended that on the opening of counsel
the plaintiff was at most but a licensee and not an invitee.

The nonsuit was directed at the conclusion of the plaintiff's
opening and from this opening the following facts appeared:
Miss O'Neill, the plaintiff, had brought a raincoat to her
sister, who was employed by the Essex county juvenile clinic
occupying the third floor of the building, it being a rainy
day and the sister wanting the coat. As she was proceeding
down the stairway, which was dark, she fell and received
the injuries. It was shown that there was equipment for the
lighting of the stairway by lights in either hall, but these

were not lighted. These fixtures had been lighted on other days and it was part of the contract in the lease that they should be lighted.

We think that under our cases and the general principles of law the action of the trial court was right. In the case of *Fitzpatrick* v. *Cumberland Glass Co.* (*Supreme Court*), 61 *N. J. L.* 378, much the same situation existed, a boy in that case carrying his father's dinner to him at the company's plant. It was held that it was a matter in which the defendant had no interest, that the boy was on business wholly and peculiarly connected with his father as an individual and that he was a licensee only without right of recovery except in the event of willful injury.

*Fleckenstein* v. *Atlantic and Pacific Tea Co.* (*Court of Errors and Appeals*), 91 *N. J. L.* 145, was the case of a boy of twelve years going into a store with a friend, the friend intending to make purchases, the plaintiff not so intending. A clerk in opening a box of merchandise caused a piece of metal to fly in Fleckenstein's eye, by which he lost the sight. It was held that he was a licensee and not an invitee.

We cannot avoid the controlling effect of these cases on the present action. Here the girl was taking a coat to her sister for the individual and personal use of the sister. By no possibility could the tenant or the landlord be benefited thereby. She was legally in the situation presented in the cited cases.

The judgment is affirmed, with costs.